# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Cheryl Dawn Morton, ) | Civil Action Number: 8:16-cv-0232-MBS |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").[1]

## I.     PROCEDURAL HISTORY

Plaintiff Cheryl Dawn Morton ("Plaintiff") protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 29, 2011, alleging disability since May 1, 2011. ECF No. 13 at 4. Her applications were denied initially and on reconsideration. R. 73, 84. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on March 25, 2014. R. 28. The ALJ issued a decision dated June 27, 2014, in which he concluded that Plaintiff was not "disabled" as defined in the Social Security Act. R. 12-23. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits or supplemental security income under Sections 216(i), 223(d), and

---

[1] Acting Commissioner Nancy A. Berryhill replaced Commissioner Carolyn W. Colvin on January 23, 2017. Under Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as defendant in this suit. *See also* 42 U.S.C. § 405(g).

1

1614(a)(3)(A) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on July 22, 2014. R. 2-8. Thus, the decision of the ALJ became the "final decision" of the Commissioner. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn Austin for a Report and Recommendation. On December 7, 2016, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 17. Plaintiff filed objections to the Report and Recommendation on January 20, 2017. ECF No. 23. The Commissioner filed a response to Plaintiff's objections on February 1, 2017. ECF No. 24.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th

Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.   DISCUSSION

Plaintiff was fifty years old at the time of her hearing before the ALJ regarding her applications for DIB and SSI. R. 31. She attended high school through eleventh grade and has since received her GED. *Id.* She has worked in the past as a stocker, house cleaner, limited construction worker, cashier, and substitute teacher. R. 21, 32-34. The ALJ found that Plaintiff had the following severe impairments: "depression, anxiety, osteoarthritis, urinary incontinence (night only), degenerative disc disease, and hypertension," but "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1." R. 14. The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR

404.1567(b) and 416.967(b) except sit/stand, change position twice/hour; no climbing ropes/ladders/scaffolds; occasional climbing ramps/stairs; no overhead lifting; simple routine repetitive tasks (nonproduction environment); frequently, not constant handling, and fingering bilaterally." R. 16. Lastly, the ALJ found that, even with these limitations, she could perform a number of jobs in the national economy. R. 22. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

### A. Objection One: Consideration of Treatment Plans

Plaintiff objects to the Magistrate Judge finding no error with the ALJ's failure to consider inability to afford treatment or lack of access to treatment in his determination that Plaintiff received conservative and/or routine treatment. ECF No. 23 at 1. The ALJ found

> [C]laimant's contentions concerning an inability to work are [are not] entirely credible. The claimant's allegations are disproportionate to the clinical records and tests. The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. Although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature.

R. 19. Plaintiff argues that the ALJ's credibility determination does not take into account the inability to afford treatment or additional tests. In the record, Plaintiff indicated an inability to "afford certain tests or treatment, such as an MRI, eye examination, injection to treat pain, and [a] prescription that may have been helpful [if] Plaintiff could obtain insurance." *See* ECF No. 17 at 36. Based on medical records, the ALJ found that Plaintiff's hypertension was controlled by medication, her lower back pain was controlled by medication, her shoulder pain controlled by cortisone injections and medication, and her anxiety was controlled by medication. R. 18-19. Additionally, Plaintiff disputes that her treatment consisting of numerous prescription medications and cortisone injections was "conservative." ECF No. 23 at 1. Plaintiff argues that the Magistrate Judge's statement: "[f]rom a reading of the ALJ's entire discussion, the Court

4

finds that any error by the ALJ in failing to discuss and consider Plaintiff's failure to pursue additional tests and treatments due to her finances is harmless error in this case," is the Magistrate Judge conceding there was error in the ALJ's decision but the Magistrate Judge improperly found that error harmless. The court finds Plaintiff's objection without merit.

In making a credibility determination of a claimant's allegations of pain, the Fourth Circuit has set forth a two-part test: (1) a plaintiff must make a threshold showing of a "medically determinable impairment which could reasonably be expected to cause . . . the pain that the claimant alleges she suffers;" and (2) "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (internal quotations omitted). One portion of the credibility determination is to consider what treatment the claimant sought and whether the claimant followed the treatment plan. The court cannot draw an adverse inference from failure to seek treatment or follow treatment if there is an explanation, such as inability to afford treatment or inability to access free or low-cost medical services. SSR 96-7p, 1996 WL 374186, at *8.[2]

The record demonstrates that, overall, Plaintiff's doctors recommended "essentially routine and/or conservative" treatments over a long period of time. *See Stitely v. Colvin*, 621 F. App'x 148, 151 (4th Cir. 2015); *Dunn v. Colvin*, 607 F. App'x 264, 272 (4th Cir. 2015). There is no evidence that her doctors recommended a more aggressive treatment plan that Plaintiff was

---

[2] Plaintiff quotes and relies on SSR 96-7p. After Plaintiff's brief was filed on June 30, 2016, a new ruling SSR 16-3p superseded SSR 96-7p. The new ruling provides that administrative law judges will evaluate the intensity, persistence, and limiting effects of symptoms in disability claims according to the two-step process in the regulations at 20 C.F.R. §§ 404.1529 and 416.929, but without using the term "credibility." Both parties agree that the analysis described by SSR 16-3p would not affect the outcome of the present case, and in any event, is applicable only to cases decided after its effective date of March 28, 2016. *See* ECF No. 17 at 35.

unable to afford. As an example, Plaintiff's doctors informed Plaintiff that they would be discontinuing her pain medication without an x-ray examination to objectively demonstrate the existence of a defect causing pain. R. 400. While Plaintiff had to wait over one month before she had her x-ray examination, after interpreting the results, the doctor merely continued her on the same treatment regimen. *Compare* R. 400, *with,* R. 418. The x-rays showed that there was degenerative disc disease at C5-6 and C6-7, her right shoulder was normal appearing, and there was mild facet arthrosis and minimal listhesis. R.421-22. The most recent x-ray demonstrated the same impairments as an x-ray taken in 2011. *See* R. 270-71, 280. While Plaintiff struggles with her ability to afford certain dosages or tests, her doctors note that each of her complaints is controlled by medication she is able to afford.

While the ALJ did not explicitly consider ability to afford additional treatment or tests as one of the factors to consider pursuant to SSR 96-7p, Plaintiff fails to show why any error is not harmless. An error is harmless when the ALJ would have reached the same result, notwithstanding the error. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). Plaintiff's impairments are controlled by the prescribed medication and injections based on the medical records provided.[3] Based on the medical records, the ALJ would have reached the same decision even if he had explicitly considered her ability to afford additional tests or higher dosages. Any error in his failure to explicitly consider ability to afford treatment is harmless. The ALJ's decision is supported by substantial evidence.

---

[3] The court is constrained by the records before it at this time but notes that the records are three years old and Plaintiff's treatment plan and ability to afford treatment may have changed during the intervening years. Additionally, Plaintiff's impairments may have become more severe in the intervening years.

**B. Objection Two: Use of terms "controlled" and "stable"**

Plaintiff objects to the ALJ's use of the notations of unspecified improvement or stability as inconsistent with having disabling impairments, and the Magistrate Judge's confirmation of the ALJ. Plaintiff argues the ALJ improperly used the notations of stability as there were "continued problems and treatment [Plaintiff] required." ECF No. 13 at 18. Plaintiff further states that the ALJ should view "stability" in the context of the illness a person suffers from. ECF No. 23 at 9. The court finds no merit to Plaintiff's objection.

The ALJ used the notes of stability and the medical records demonstrating stability when weighing the credibility of the Plaintiff. One factor is determining the severity of the impairments is whether there are "persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources." SSR 16-3p, 2016 WL 1119029 at * 8. The ALJ noted that Plaintiff's treatment plan remained relatively the same throughout, demonstrating that her symptoms were "controlled" or "stable." The only notable difference in Plaintiff's treatment plan is that Plaintiff received two injections in her right shoulder, one in December 2012 and one in May 2013. R. 333, 367. Plaintiff received an injection in her left shoulder in February 2013. R. 342. Otherwise, Plaintiff maintained similar dosages and medications to control her symptoms. Where there is conflicting evidence that "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." ECF No. 17 at 40. The court finds that substantial evidence supports the ALJ's determination of credibility after using the doctor's notes that the impairment was controlled or stable.

### C. Objection Three: Combination of Impairments

Lastly, Plaintiff objects to the Magistrate Judge's findings that the ALJ considered the cumulative effect the impairments had on Plaintiff's ability to work. ECF No. 23 at 10. Plaintiff argues the ALJ's statement that, after review, "there is no documentation in the record that substantiates any assertion that the claimant's mental disorder and alleged physical problems cause her to be unable to perform all forms of substantial work activity," is insufficient to demonstrate he looked to the cumulative effect of the impairments. Plaintiff argues that a statement such as that in *Brown v. Astrue*, 10-1584, 2012 WL 3716792 at *6-7 (D.S.C. Jan. 12, 2010), is sufficient: "After a thorough review of the evidence of the record, I find that the claimant's impairments of morbid obesity, depression, and diabetic neuropathy do not have a negative effect upon the claimant's ability to perform routine movement . . . ." Plaintiff argues that the ALJ's statement is generic boilerplate. ECF No. 23 at 11. The court finds no merit in Plaintiff's objection.

The Fourth Circuit in *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989), set the standard for considering and explaining the combined effect of the impairments, stating, "the [ALJ] must consider the combined effect of a claimant's impairments and not fragmentize them, . . . [and] [t]he [ALJ] must adequately explain his or her evaluation of the combined effects of the impairments." In interpreting *Walker*, the court in *Brown* stated

> [T]he adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments. Most importantly, when multiple impairments are present, this Court must be satisfied that the Commissioner's decision regarding disability is not founded on a fragmentized analysis of those impairments.

2012 WL 3716792 at *6. *Brown* found that the ALJ's determination of residual functional capacity is "key to the analysis" of whether the ALJ considered the combined effect of

impairments. *Id.* "A finding that [the ALJ's] analysis here was fragmentized would impose a standard too strict to remain within the scope of this court's mission under § 405(g), which mandates great discretion to the Commissioner." *Brown*, 2012 WL 3716792 at *7.

Here, the ALJ went through each alleged impairment and reviewed the medical records. The ALJ noted that each impairment was either controlled by medication or not as severe as Plaintiff alleged. The ALJ's residual functional determination demonstrates that he considered the combined effects of the impairments, by limiting claimant "to perform light work . . . except sit/stand, change position twice/hour; no climbing ropes/ladders/scaffolds; occasional climbing ramps/stairs; no overhead lifting; simple routine repetitive tasks (nonproduction environment); frequent, not constant handling, and fingering bilaterally." R. 16. The court finds that Plaintiff's residual functional capacity demonstrates proper consideration of the combination of impairments and declines to disturb the ALJ's determination.

## IV.     CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is affirmed.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Judge

March 20, 2017
Columbia, South Carolina

9